IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARGARET WINKLER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| COMMUNITY INSURANCE GROUP, and RANDY MILLER, | ) ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Margaret Winkler, by and through her attorney, Matthew L. Bretz of Bretz Law Offices, and for her causes of action against the Defendants states as follows:

1. Plaintiff Margaret Winkler is an individual and a citizen of the State of Kansas.

2. Defendant Community Insurance Group is a Nebraska corporation and may be served with process by serving its registered agent for service of process, Ricky L. Kunze, 402 Houston, Table Rock, NE 68447.

3. Defendant Randy Miller is an individual and a citizen of the State of Nebraska and may be served with process at his residential address, 73081 Highway 50, Tecumseh, NE 68450.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332. Plaintiff is a resident and citizen of the State of Kansas and the Defendants are citizens of the State of Nebraska. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. On or about June 18, 2010, Plaintiff Margaret Winkler was in a motor vehicle collision which was caused solely by the negligence of Mark Tomek.

6. As a result of the negligence of Mark Tomek and the collision, Plaintiff suffered catastrophic injuries and damages.

7. The damages which were suffered by Plaintiff have been established by Judgment against Mark Tomek in the amount of $250,000.00 for noneconomic damages, $95,815.41 for medical expenses, and $50,000.00 in economic damages for loss of consortium, for a total of $395,815.41 in damages suffered by Plaintiff as a result of the negligence of Mark Tomek.

8. At the time of the wreck Mark Tomek was engaged in construction work and was hauling construction equipment and a trailer as part of his business which Mark Tomek operated as "Tomek Construction".

9. Prior to the subject wreck Mark Tomek contracted with Defendants Randy Miller and Community Insurance Group to procure $500,000.00 in liability insurance.

10. Randy Miller and Community Insurance Group held themselves out and represented themselves to be specialists in the field of insurance.

11. Defendants advised Mark Tomek on the policy of insurance which was needed to provide coverage for all of his actions and inactions in operating a construction company including but not limited to operating motor vehicles, driving motor vehicles on the roadway, hauling equipment, and hauling trailers.

12. Defendants agreed to procure the $500,000.00 in liability coverage and represented to Mark Tomek that he was covered for liability from the time he left home until the time that he returned home.

13. Defendants had a duty to Mark Tomek, and to third-party beneficiaries of the requested liability insurance policy such as Plaintiff, to exercise reasonable skill, care and diligence to procure the requested policy.

14. Mark Tomek justifiably relied on the promise to procure liability insurance and the representations made by Defendants and believed that he had $500,000.00 in liability coverage, and paid the premiums for the policy which Defendants procured.

15. Defendants, however, breached their agreement to procure the requested liability insurance and instead obtained a policy of insurance which contained an exclusion of coverage for liability arising from the operation of a motor vehicle.

16. Defendants did not tell Mark Tomek that the policy which they procured contained the exclusion for liability arising from the operation of a motor vehicle; rather, Defendants represented to Mark Tomek that he was insured for liability from the time he left home until the time he returned home.

17. The policy of liability insurance which Mark Tomek requested that Defendant procure, and which Defendants agreed to procure, was intended to pay damages to third parties such as Plaintiff Margaret Winkler which were caused by the negligence of Mark Tomek.

18. Had Defendants obtained the policy which Mark Tomek requested that Defendants procure, and had the policy provided liability coverage from the time Mark Tomek left home until the time that Mark Tomek returned home as represented by Defendants, the motor vehicle wreck which was caused by the negligence of Mark Tomek and the resulting damages suffered by Plaintiff would have been covered by the subject insurance policy.

19. As such, Plaintiff Margaret Winkler was an intended third party beneficiary of the contract to procure liability insurance between Mark Tomek, Tomek Construction, and Defendants.

20. As a result of the Defendants' failure to procure the policy requested by Mark Tomek, Mark Tomek has become indebted and obligated to Plaintiff in the amount of $395,815.41.

21. As a result of the Defendants' failure to procure the policy requested by Mark Tomek, Plaintiff has been unable to recover her damages of $395,815.41 which, had Defendants not failed to procure liability insurance as agreed, she otherwise would have been able to recover.

22. Accordingly, Plaintiff brings this action against Defendants for breach of contract, breach

of fiduciary duty, and for negligent failure to procure the requested liability insurance.

23. As a result of Defendants' actions and inactions, breach of contract, breach of fiduciary duty, and negligent failure to procure, Plaintiff as an intended third-party beneficiary has been damaged in the amount of $395,815.41.

WHEREFORE, Plaintiff prays for judgment against the Defendants in an amount in excess of $75,000.00, for costs of this action, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By: s/ Matthew L. Bretz
    Matthew L. Bretz
    Bretz Law Offices, LLC
    1227 North Main Street
    P.O. Box 1782
    Hutchinson, KS 67504-1782
    (620) 662-3435
    (620) 662-3445 (fax)
    matt@bretzpilaw.com
    Attorney for Plaintiff

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Lincoln, Nebraska, as the place of trial in this matter.

By: s/ Matthew L. Bretz
    Matthew L. Bretz