IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARGARET WINKLER,<br><br>                Plaintiff,<br><br>vs.<br><br>RANDY MILLER,  COMMUNITY<br>INSURANCE GROUP,<br><br>                Defendants. | **4:13CV3035**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendant's motion to dismiss the case, (Filing No. 13).  For the reasons set forth below the motion is denied.

BACKGROUND

Plaintiff Margaret Winkler ("Winkler"), a Kansas resident, was severely injured as the result of an automobile collision caused by Mark Tomek.  Winkler obtained a judgment against Tomek in the amount of $395,815.41.  Neither Tomek, nor his business, Tomek Construction, are parties to the instant action.

Prior to the accident between Winkler and Tomek, Tomek allegedly contracted with defendants Randy Mill and Community Insurance Group to procure $500,000 in liability insurance.  Plaintiff alleges that Defendants "agreed to procure the $500,000.00 in liability coverage and represented to Tomek that he was covered for liability from the time he left home until the time that he returned home." (Filing No. 1, ¶12).  Plaintiff further alleges that Defendants obtained a policy that "contained an exclusion of coverage for liability arising from the operation of a motor vehicle" and thereby breached their contract with Tomek.  Plaintiff's complaint seeks relief from Defendants, as third-party beneficiaries, for "breach of contract, breach of fiduciary duty, and for negligent failure to procure the requested liability insurance."  (Filing No. 1, ¶22).

LEGAL ANALYSIS

As an initial matter the court must determine how to properly characterize Defendants' motion to dismiss.  Defendants assert the complaint should be dismissed pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6).  Upon review of the motion and the parties' briefs, the court determines the motion is best characterized as an objection that the plaintiff is not the real party in interest under Fed. R. Civ. P. 17(a) which provides that "[a]n action must be prosecuted in the name of the real party in interest."  See Mecklenburg Farm v. Anheuser-Busch, Inc., 250 F.R.D. 414, 417 (E.D. Mo. 2008)(characterizing a motion to dismiss based on standing and jurisdictional grounds as more properly characterized as a challenge to the real party in interest under Fed. R. Civ. P. 17).

Defendants have not raised concerns regarding lack of either personal jurisdiction or subject matter jurisdiction sufficient to implicate Rules 12(b)(1) or 12(b)(2).   Nor do the defendants conduct an analysis of the requirements of standing as set forth in Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992), and adopted by the Eighth Circuit. See Iowa League of Cities v. Environmental Protection Agency, 711 F.3d 844, 869 (8th Cir. 2013).  Defenses based on standing and the real party in interest are related, yet distinct.  Curtis Lumber Co., Inc. v. La. Pac. Corp., 618 F.3d 762, 770 n. 2 (8th Cir. 2010).  Issues of standing implicate subject matter jurisdiction concerns while challenges based on the real party in interest rule necessitate a determination of the proper party to enforce the right asserted.   See Walker Mfg., Inc. v. Hoffmann, Inc., 220 F. Supp. 2d 1024, 1030 n. 6 (N.D. Iowa 2002)(quoting Mitchell Food Products, Inc. v. United States, 43 F.App'x 369, 369-70 (Fed. Cir. 2002)).

In this case, Defendants' motion to dismiss is based entirely on the plaintiff not being the proper party to enforce the right asserted.  Accordingly, the motion to dismiss

2

will be analyzed as a challenge to Plaintiff's status as the real party in interest under Fed. R. Civ. P. 17(a).

Real Party in Interest

      1.      Choice of Law

" 'In a diversity action, state law determines the issue of who is a real party in interest.' " Counsul General of Republic of Indonesia v. Bill's Rentals, Inc., 330 F.3d 1041, 1045 (8th Cir. 2003) (quoting Jaramillo v. Burkhart, 999 F.2d 1241, 1246 (8th Cir. 1993)). Winkler is a Kansas resident and is suing a Nebraska resident, Miller, and his Nebraska-based business. Thus, the court must decide whether Nebraska or Kansas law applies to the instant case. Both the parties apply Nebraska law without comment. Although the parties have not provided all of information necessary for the court to conduct a true conflict of laws analysis[1], it is of little import because Kansas law and Nebraska law do not differ in any meaningful way on the point of contention – whether a member of the general public is the third-party beneficiary of an insurance contract between two parties. Accordingly, the court will apply Nebraska law.

      2.      Nebraska Law

Under Nebraska law, the real party in interest must have a legally protectable interest or right in the controversy that would benefit that party if relief is granted. See Countryside Co-op. v. Harry A. Koch Co., 280 Neb. 795, 801-02, 790 N.W.2d 873, 881

---

[1] Specifically, Nebraska has adopted Restatement (Second) of Conflict of Laws § 188 (1971) in determining what state's law applies to a contract dispute. See Mertz v. Pharmacists Mut. Ins. Co., 261 Neb. 704, 708, 625 N.W.2d 197, 202 (2001). The parties have not provided any information about Tomek's state of residence or the principal place of business of Tomek construction. Because the agreement between Defendants and Tomek is at the heart of this case, that information is relevant as to what law applies.

(2010).   Winkler asserts she is a real party in interest as an intended third-party beneficiary of the alleged contract between Defendants and Tomek, and she bases her claims upon that status.  (Filing No. 1, ¶17-19).

"As a matter of general contract law, in order for those not named as parties to a contract to recover thereunder as third-party beneficiaries, it must appear by express stipulation or by reasonable intendment that the rights and interests of such unnamed parties were contemplated and that provision was being made for them."  Molina v. American Alternative Ins. Corp., 270 Neb. 218, 223, 699 N.W.2d 415, 419 (2005) (internal citations omitted); see also Spring Valley IV Joint Venture v. Nebraska State Bank of Omaha, 269 Neb. 82, 690 N.W.2d 778 (2005).  The party suing as a third-party beneficiary has the burden of showing the contract was for her direct benefit.  "Unless one can sustain this burden, a purported third-party beneficiary will be deemed merely incidentally benefitted and will not be permitted to recover on or enforce the agreement."  Podraza v. New Century Physicians of Neb., 280 Neb. 678, 686, 789 N.W.2d 260, 267 (2010); Spring Valley IV Joint Venture, 270 Neb. at 86, 690 N.W.2d at 782.

Under Nebraska law, the right to enforce a contract as a third-party beneficiary is strictly construed.  Palmer v. Lakeside Wellness Center, 281 Neb. 780, 785, 798 N.W.2d 845, 850 (2011).  Consistent with this strict construction, the Nebraska Supreme Court "has never held that an injured person is a third-party beneficiary of a liability insurance policy insuring the tort-feasor."[2]  Molina, 270 Neb. at 223, 699 N.W.2d at 419.  To the contrary, Nebraska courts have specifically found the duty of an insurance broker to obtain insurance is owed to the insured.  Countryside Co-op, 280 Neb. at 802, 790 N.W.2d at 882.

---

[2] Nebraska law also forbids direct actions against auto liability insurance providers by a third-party injured in an automobile accident, except under very narrow circumstances – i.e., when the insured is bankrupt or insolvent 270 Neb. at 223, 699 N.W.2d at 419 (citing Neb. Rev. Stat. § 44-508 & German Mut. Ins.Co. v. Federated Mut. Ins. Co., 8 Neb.App. 1062, 606 N.W.2d 856 (2000)).

The plaintiff has not cited, nor has the court discovered, any Nebraska case holding that the members of the general public are considered intended third-party beneficiaries of an insurance contract or intended third-party beneficiaries of an agreement to procure insurance between the insured and his insurance agent or broker.[3] To the contrary, Nebraska law disfavors claims by plaintiffs against a tortfeasor's insurance company or agent absent an assignment or express policy language creating third-party beneficiary rights.  Kenyon v. Larsen, 205 Neb. 209, 286 N.W.2d. 759 (1980) (holding claims by an insured against his or her insurance agent based on failure to procure the proper type of liability insurance were personal to the insured and could not be brought by the injured tortfeasor absent an assignment); Peak v. Bosse, 202 Neb. 1, 5, 272 N.W.2d 750, 753 (1978) (same); Molina, supra (finding no basis in the policy language or under Nebraska statutory law for a finding that the plaintiff was a third party beneficiary of the insurance policy between the tortfeasor and its insurance carrier).

The Nebraska cases cited by the plaintiff in support of his position are factually distinguishable:  Polski v. Powers, 221 Neb. 361, 377 N.W.2d 10 (1985) and Dahlke v. Zimmer Ins. Agency, Inc., 245 Neb. 800, 515 N.W.2d 767 (1994), were lawsuits filed by the insureds against their insurance company or insurance agent; and in Kenyon v. Larsen, 205 Neb. 209, 286 N.W.2d 759 (1980), the injured plaintiff had received an express assignment of the insured's claims against its agent.  But Winkler is not an insured of the defendant insurer, and there is no evidence or allegation that Tomek wished to pursue a claim against the defendants or assigned any such claims to the plaintiff.  Accordingly, under the facts currently alleged, the plaintiff is not a real party in interest who can pursue the claims alleged in her lawsuit.

---

[3] Likewise Kansas law also disfavors direct actions of an injured party against the tortfeasor's insurance company.  See, e.g., White v. Goodville Mut. Cas. Co., 596 P.2d 1229 (Kan. 1979).

3.      Substitution or Joinder of the Real Party in Interest

Plaintiff asserts that if the court finds she is not the real party in interest, the court should allow her to join Tomek to this suit.   Under Fed. R. Civ. P. 17(a)(3):

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).

If any claim exists against the defendants, Tomek and/or Tomek Construction are the real parties in interest for those claims.[4] See Mecklenburg Farm, Inc., 250 F.R.D at 417 ("Under the real party in interest rule, a litigant cannot sue in federal court to enforce the rights of third parties.")(internal citations omitted).  Pursuant to Rule 17(a)(3) leave should be given to the real party in interest to "ratify, join or be substituted into the action."  See generally Consul General of Republic of Indonesia, 330 F.3d at 1047-48. However, the court does not know whether adding or substituting Tomek and/or Tomek Construction as defendants will undermine this court's diversity jurisdiction.  Filing an amended complaint which substitutes the real party in interest, but thereby destroys this court's subject matter jurisdiction, would be futile.  Under such circumstances, the court will neither dismiss this case at this time, nor grant the plaintiff leave to file an amended complaint.  Instead,

IT IS ORDERED:

1)   Defendant's motion to dismiss the case, (Filing No. 13), is denied.

---

[4]  The court is not commenting on the validity or the likelihood of success of any claims Tomek may have against Defendants.

2) On or before July 5, 2013, the plaintiff shall either move to file an amended complaint which includes any allegations necessary to determine the existence of complete diversity, or she shall move to dismiss this case.   The failure to timely comply with this order will result in dismissal for want of prosecution.

Dated this 21st day of June, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.